FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN THE MATTER OF:

CHARLES F. WISNESKI, JR.
KRISTINA M. WISNESKI

S.S. # XXX-XX-0824
S.S. # XXX-XX-9919

Chapter 13
Case No. 11- 45201
Hon.

Debtors
_____/

# CHAPTER 13 PLAN

[X] Original **OR** [] Modification #___         [X] pre-confirmation *or* [] post-confirmation

**I.** **PLAN PAYMENTS & DISBURSEMENTS**: This is the Debtor's latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

A. *The Commitment period for this Plan is no less than 60 months.*
B. The Debtor shall make payments in the amount of **$241.00 weekly (frequency)**.
C. Plan length: **60 months**, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five (5) years.
D. Debtor commit __100_% of all tax refunds received or entitled to after commencement of the case, and shall not alter any withholding deductions/exemptions without Court approval.
E. Treatment of claims:

**1.** **Class One - Administrative Expenses:**

a. *Trustee fees* as determined by statute.
b. *Adequate Protection payments: Debtor shall make adequate protection payments to the secured creditors designated in Class 5a., directly to the Trustee, pursuant to II.N. Payment of adequate protection will be made by the Chapter 13 Trustee at earlier of either the time of the first disbursement following the date originally set for confirmation, or the occurrence of dismissal or conversion.* Payment of the adequate protection payments shall be paid as follows:

| Creditor | Collateral | Monthly Payment |
|---|---|---|
| NONE | | |

c. *Attorney fees and costs:* An agreed fee of $ _*_ less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $ _*_ plus costs advanced in the amount of $ __N/A*_ which totals $ _*_. Said sum to be paid ~~at the rate of $___ per month.~~ IN FULL.

* Debtor's attorney shall file a fee application. If the Order Confirming Plan provides for allowance of attorney's fees by application, Trustee shall withhold from distribution $3,000.00 pending approval of a Fee Application to be filed within 30 days from the date of confirmation. If fee application is not filed within 30 days, withheld funds shall be released for distribution.

1

2. **Class Two - Continuing Claims:** Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. § 1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the Debtor shall increase Plan payments as needed for such compliance.

   a. Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| NONE | |

   b. Post-Petition/Pre-Confirmation Arrears - (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| NONE | | | | |

3. **Class Three - Executory Contracts and/or Unexpired Leases** [11 U.S.C. § 1322(b)(7) and 11 U.S.C. § 365]

   a. Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/reject/ Assign? | If Assumed, Regular Payment per Month | Lease/contract Expiration Date |
|---|---|---|---|
| Storage Pros Waterford LLC / | Assume* | $129.00* | |
| Storage Pros Waterford LLC / | Assume* | $135.00* | |

   *Debtor to pay direct - current

   b. Pre-Petition Obligations:

| Creditor/Collateral | If Assumed, Amount of Default | If Assumed, Number of Months to Cure from Confirmation Date + Interest Rate | If Assumed, Monthly Payment on Cure |
|---|---|---|---|
| NONE | | | |

4. **Class Four - Arrearages on Continuing Claims:** [11 U.S.C. § 1322(b)(5)]

   a. Pre-Petition Arrears

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Estimated Number of Months to Cure from Confirmation Date |
|---|---|---|---|---|
| NONE | | | | |

5. **Class Five - *Non-continuing* ~~Other~~ Secured Claims:** Secured claims other than those listed in Classes Two and Four on which the last payment will come due within the Plan duration.

   a. *Purchase Money Security Interests in Personal Property - Secured claims other than those listed in Classes Two, Four and Five b. on which the last payment will become due within the Plan duration  Adequate protection payments shall be paid until such time as funds become available to pay equal monthly payments over the remaining length of the Plan.*

| Creditor/Collateral | "Crammed Down" [11 U.S.C. 1325(a)(5)] or "Modified" [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | *Monthly Adequate Protection Payment* | Total to Pay (Incl. Interest) | Number of Months to Cure from Confirmation Date |
|---|---|---|---|---|---|---|
| NONE | | | | | | |

*b.* *Other Secured Claims*

| Creditor/Collateral | "Crammed Down" [11 U.S.C. 1325(a)(5)] or "Modified" [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of Months to Cure from Confirmation Date |
|---|---|---|---|---|---|---|
| Charter Township of White Lake / 6160 Ormond Rd, White Lake 48333 / 2010 Property Taxes | Modified | $64,000.00 | 12% | $37.63 | $2,257.92 | 60 |
| Oakland County Treasurer's Office / 6160 Ormond Rd, White Lake 48333 / 2009 Property Taxes | Modified | $64,000.00 | 12% | $22.92 | $1,375.36 | 60 |
| Chase / 2009 Ford Focus | Per contract* | $9,375.00 | Per contract* | $331.53* | $15,116.49* | N/A |
| Genisys Credit Union / 2003 Chevrolet Silverado | Modified | $6,975.00 | 5% | $142.59 | $8,555.38 | 60 |

*Debtor to pay direct - current

**6. Class Six - Priority Unsecured Claims:** ~~[11 U.S.C. § 1322(a)(2)]~~

    a.  Non-Assigned Domestic Support Obligations [11 U.S.C. § 1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| NONE | | |

    b.  Assigned Domestic Support Obligations [11 U.S.C. § 1322(a)(4)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| NONE | | |

    c.  All Other Priority Unsecured Claims [11 U.S.C. § 1322(1)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| Internal Revenue Service / 2009 Income Taxes | $21,228.23 | 0% |
| Michigan Department of Treasury / 2009 Income Taxes | $2,422.85 | 0% |

**7. Class Seven - Special Unsecured Claims** shall be paid in full and ~~concurrently with~~ **prior to** Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| NONE | | | |

**8. Class Eight - General Unsecured Claims:** shall be paid no less than their pro rata share of $13,208.26 or the case shall continue for the length stated, whichever will yield a greater dividend.*

**9. Other Provisions:** Insert as necessary.

**II. GENERAL PROVISIONS**

**A. THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF**:
I.C; I.E.1.b; I.E.1.c; I.E.4, 5, 7 & 8; II.F.1; II.L; II.N.

**B. VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**: Upon confirmation of the Plan, all property of the estate shall vest in the Debtor [11 U.S.C. § 1327(b)]. The Debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. 1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

**C. SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

**D. PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the Debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

**E. UNSCHEDULED CREDITORS FILING CLAIMS:** If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

**F. PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN:** In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, ~~percentage of interest on arrears,~~ if any, but the proof of claim shall not govern as to the valuation of collateral. **The Plan shall govern as to percentage of interest on arrears, if any.**

2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court.

4. A proof of claim or interest shall be deemed filed under 11 U.S.C. § 501 for any claim or interest that appears in Classes Two, Three, Four or Five of this Plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this Plan. *Unless otherwise ordered by the Court, adequate protection payments shall not be paid to claims designated in Class 5a. which do not meet the requirements under II.N.*

   **NOTE:** Debtor reserves the right to object to any claim.

**G. TAX RETURNS AND TAX SET-OFFS:** All tax returns which have become due prior to the filing of this Plan have been filed except the following (see LBR 2083-1 (E.D.M.) regarding non-filed returns): NONE

**H. DEBTOR ENGAGED IN BUSINESS:** [] If the box to the immediate left is "checked", the Debtor is self-employed **AND** incurs trade credit in the production of income from such employment.

1. 11 U.S.C. § 1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

2. The Debtor shall comply with the provisions of LBR 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

**I. ORDER OF PAYMENT OF CLAIMS:** Class *One a. and b.* claims shall be paid in advance of all claims, Class *One c.* claims in advance of all others, Then Classes Two and Three in advance of all remaining classes, then Classes Four and Five, then Class Six, *unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 1322(a)(2),* and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

**J. WORKSHEET:** The worksheet on a form available from the clerk's office, is required by LBR 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

**K. CONFLICT OF DEBT AMORTIZATION:** If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4, Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

4

**L.** **DEBTOR DUTY TO MAINTAIN INSURANCE:** Debtor shall maintain all insurance required by law and contract upon property of the estate and the Debtor's property. ~~After confirmation of this Plan, if the Debtor fails to maintain full coverage collateral protection insurance as required above, any party in interest may submit an affidavit of default and in the event that the default is not cured within ten (10) days from the date of service of the affidavit upon the Debtor, Debtor's counsel and the Trustee, said party may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with a further affidavit attesting to the Debtor's failure to cure. Said Order shall be granted without motion or hearing.~~

**M.** **ENTRY OF ORDERS LIFTING STAY:** Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

**N.** **ADEQUATE PROTECTION**: *Pre-confirmation Adequate Protection in Chapter 13 fr Creditors Secured in personal property under 11 U.S.C. § 1326(a)(1)(c):*

1. *Adequate protection shall be paid to Purchase Money Security Interest Creditors in personal property and providing:*

   a. *Such Creditors have an allowed claim stating the current monthly contractual payment amount no less than seven (7) days prior to the initial date for confirmation, dismissal, or conversion.*

   b. *A debt which is listed in the Debtor's schedules and classified by the Debtor as a secured claim in personal property.*

   c. *Payment of adequate protection to a claimant who is not listed/treated in a Plan shall be withheld from distribution and will not be paid until either dealt with in an amended Plan, or by order of the Court*

2. *A Creditor who satisfies the above requirements shall accrue adequate protection payments to be disbursed by the Chapter 13 Trustee equal 30% of the regular monthly pre-petition payment. Payments shall accrue the date of the order for relief until the date of confirmation, dismissal, or conversion. If the amount of funds on hand on the date of confirmation, dismissal, or conversion is insufficient to satisfy all claims entitled to adequate protection, funds will be distributed on a pro-rata basis.*

3. *Payment of adequate protection will be made by the Chapter 13 Trustee at earlier of either the time of the first disbursement following the date originally set for confirmation, or the occurrence of dismissal or conversion.*

4. *All adequate protection payments disbursed by the Chapter 13 Trustee shall be subject to the Trustee's statutory percentage fee which will be at time of the distribution of the adequate protection payments.*

**O. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [L.B.R. 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT EQUITY |
|---|---|---|---|---|---|
| 6160 Ormond Rd White Lake, MI 48383 | $64,000.00 | $2,833.20 | $61,166.80 | $21,625.00 | $ 39,541.80 |
| HHG/Personal Effects | $4,000.00 | $0 | $4,000.00 | $4,000.00 | $ 0.00 |
| Clothing | $200.00 | $0 | $200.00 | $200.00 | $ 0.00 |
| Jewelry | $250.00 | $0 | $250.00 | $250.00 | $ 0.00 |
| Cash/bank Accounts | $300.00 | $0 | $300.00 | $290.00 | $ 10.00 |
| Books/collectibles | $70.00 | $0 | $70.00 | $0.00 | $ 70.00 |
| Guns, camera | $400.00 | $0 | $400.00 | $0.00 | $ 400.00 |
| Sports equipment, scrapbooks | $75.00 | $0 | $75.00 | $75.00 | $ 0.00 |
| Animals | $2.00 | $0 | $2.00 | $2.00 | $ 0.00 |
| 3 term life insurance policies | $0.00 | $0 | $0.00 | $0.00 | $ 0.00 |
| Traditional IRA (wife) | $3,124.00 | $0 | $3,124.00 | $3,124.00 | $ 0.00 |
| Traditional IRA (wife) | $2,721.00 | $0 | $2,721.00 | $2,721.00 | $ 0.00 |
| 401k through Merrill Lynch | $12,260.40 | $0 | $12,260.40 | $12,260.40 | $ 0.00 |
| 401k through Fidelity | $77,501.61 | $0 | $77,501.61 | $77,501.61 | $ 0.00 |
| Stock through Kaman Corporation | $28.00 | $0 | $28.00 | $0.00 | $ 28.00 |
| Debtor-husband's 100% interest in Check It Out, Inc. | $0.00 | $0 | $0 | $0 | $ 0.00 |
| 2001 Haulmark Trailer | $1,500.00 | $0 | $1,500.00 | $0.00 | $ 1,500.00 |
| 2006 Haulin Trailer | $1,000.00 | $0 | $1,000.00 | $0.00 | $ 1,000.00 |
| 2000 Suzuki motorcycle | $1,480.00 | $0 | $1,480.00 | $0.00 | $ 1,480.00 |
| 2009 Ford Focus | $9,375.00 | $15,116.49 | $0 | $0.00 | $ 0.00 |
| 2003 Chevrolet Silverado | $6,975.00 | $8,147.98 | $0.00 | $0.00 | $ 0.00 |
| 2000 Ford Focus | $500.00 | $0 | $500.00 | $0.00 | $ 500.00 |
| 1999 Chevrolet Silverado | $3,450.00 | $0 | $3,450.00 | $3,450.00 | $ 0.00 |
| 1998 Kawasaki ATV | $625.00 | $0 | $625.00 | $0.00 | $ 625.00 |
| 1998 Kawasaki ATV | $625.00 | $0 | $625.00 | $0.00 | $ 625.00 |
| 1995 Polaris snowmobile | $585.00 | $0 | $585.00 | $0.00 | $ 585.00 |
| 1994 Arctic Cat snowmobile | $540.00 | $0 | $540.00 | $0.00 | $ 540.00 |
| 1991 Seanymph Pontoon | $1,590.00 | $0 | $1,590.00 | $1,150.00 | $ 440.00 |

Amount available upon liquidation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $          47,344.80

Less administrative expenses and costs (real property). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $        11,774.18

Less administrative expenses and costs (personal property) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $        3,000.00

Less priority claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $        23,651.08

            Amount Available in Chapter 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $        8,919.54

/s/ Aaron Scheinfield
AARON SCHEINFIELD (P67495)
Attorney for Debtors
GOLDSTEIN, BERSHAD & FRIED, P.C.
4000 Town Center
Suite 1200
Southfield, MI 48075
(248) 355-5300
aaron@bk-lawyer.net

/s/ Charles F. Wisneski
Charles F. Wisneski - Debtor

/s/ Kristina M. Wisneski
Kristina M. Wisneski - Debtor

8

**WORKSHEET**

1.  Length of Plan is ____ weeks; __60__ months; ____ years.

    Debtor #1:

2.  $241.00 _ per pay period x __260____ pay periods per Plan = $62,660.00__ per Plan

    Debtor #2:

    $___ per pay period x ___ pay periods per Plan = $____ total per Plan

| | | | | |
|---|---|---|---|---|
| 3. | $_____ per period x _____ periods in Plan = | | | |
| 4. | Lump sums: | | $ | |
| 5. | Equals total to be paid into the Plan | | $ | 62,060.00 |
| 6. | Estimated Trustee's fees | $ | 5,012.00 | |
| 7. | Estimated Attorney fees and costs | $ | 8,000.00 | |
| 8. | Total priority claims | $ | 23,651.08 | |
| 9. | Total installment mortgage or other long-term debt payments | $ | 0.00 | |
| 10. | Total of arrearage including interest | $ | 0.00 | |
| 11. | Total secured claims, including interest | $ | 12,188.66 | |
| | Total of items 6 through 11 | | $ | 48,851.74 |
| 12. | Funds available for unsecured creditors (item 5 minus items 6-11) | | $ | 13,208.26 |
| 13. | Total unsecured claims (if all file) | | $ | 116,821.23 |
| 14. | Estimated percentage to unsecured creditors under Plan (Item 12 ÷ by Item 13) | | | BASE |
| 15. | Estimated dividend to general unsecured creditors if Chapter 7, (See liquidation analysis attached) | | $ | 8,919.54 |

**COMMENTS:**

*E:\Wisneski, Charles\Plan docs\Chapter 13 Plan.wpd*

## LIQUIDATION ANALYSIS BREAKDOWN

| | | |
|---|---|---|
| $ 39,541.80 | | Non-Exempt Equity |
| | $ 3,840.00 | Real Estate Commission (6%) |
| | $ 4,704.18 | Trustee Fee* |
| | $ 450.00 | CPA |
| | $ 1,500.00 | Attorney for Trustee |
| | $ 640.00 | 1% Closing Costs |
| | $ 640.00 | 1% Transfer Tax |
| $ 11,774.18 | | TOTAL COSTS |
| $ 27,767.62 | | Amount Available Under Chapter 7 Before Priority Claims |
| $ 23,651.08 | | Priority Claims |
| $ 4,116.54 | | Amount Available Under Chapter 7 |

**TRUSTEE FEE\***

| | | |
|---|---|---|
| $ | 61,116.80 | Fair Market Value |
| | | minus Liens |
| = | 21,625.00 | Exemption |
| $ | 39,541.80 | |

| | | | |
|---|---|---|---|
| $ 5,000.00 | 25% | $ | 1,250.00 |
| $ 34,541.80 | 10% | $ | 3,454.18 |
| $ | 5% | $ | |
| | | $ | 4,704.18 |